IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREGORY DICKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-567-LPS |
| | : | |
| C/O B. LEWIS, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's request for counsel and motion for injunctive relief. (D.I. 25) For the reasons given below, the Court will deny the request and motion.

### I. BACKGROUND

Plaintiff Gregory Dickson ("Dickson"), a prisoner housed at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On June 28, 2011, he filed a letter/request for counsel and letter/motion for injunctive relief alleging harassment and death threats by Defendant C/O Lewis ("Lewis"), if Dickson does not dismiss the instant lawsuit against Lewis. (D.I. 25) The Court ordered Lewis and Warden Perry Phelps ("Warden Phelps") to respond to the Order. They ask the Court to deny the motion for injunctive relief and the request for counsel. (D.I. 27)

## II. REQUEST FOR COUNSEL

Dickson asks for an attorney to "come to talk to [him] about [the] problem." A plaintiff in a civil suit does not have a constitutional or statutory right to an attorney. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Mallard v. United States Dist. Court for the S. Dist of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d), now § 1915(e)(1), authorizes federal court to "request," but not require, unwilling attorney to represent indigent civil litigant). However, a district court may seek to obtain legal representation for an unrepresented plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154; *see also Mallard*, 490 U.S. at 296.

Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case, considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Dickson's allegations, the Court concludes that the case is not so factually or legally complex that a Court request for an attorney is warranted. In addition, the filings in this case demonstrate Dickson's ability to articulate his claims and represent himself.

Finally, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Thus, in these circumstances, at this juncture of the case, the Court will deny without prejudice to renew Dickson's request for counsel.

### III. INJUNCTIVE RELIEF

#### A. Standard of Review

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

#### B. Discussion

Warden Phelps and Lewis observe that Dickson provides no corroborating evidence or sworn statements to support his claims. Warden Phelps has no personal knowledge of the situation alleged by Dickson. In addition, recent grievances submitted by Dickson make no reference to Lewis, much less any untoward acts by Lewis. (D.I. 27-1 at 1-6) In addition, the alleged taunts and threats do not constitute an Eighth Amendment violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *accord Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. Oct. 9, 2009) (not published) (stating verbal abuse of a prisoner, even of the lewd variety, is

not actionable under 42 U.S.C. § 1983); *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J. 1993) (stating verbal harassment does not violate inmate's constitutional rights).

Given the exhibits submitted, the Court finds that Dickson has not demonstrated the likelihood of success on the merits. Nor is there any indication that, at the present time, Dickson is in danger of suffering irreparable harm, although the instant filing certainly places Defendant on notice of threats to Dickson. Nonetheless, Dickson has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of injunctive relief. Therefore, the Court will deny the motion.

## IV. <u>CONCLUSION</u>

NOW, THEREFORE, IT IS HEREBY ORDERED THAT Plaintiff's request for counsel is DENIED without prejudice to renew and his motion for injunctive relief (D.I. 25) is DENIED.

Dated: July 18, 2011
UNITED STATES DISTRICT JUDGE

4