# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GREGORY DICKSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-567-LPS |
| | : | |
| B. LEWIS, | : | |
| | : | |
| Defendant. | : | |

Gregory Dickson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

March 19, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Gregory Thomas ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Plaintiff was attacked by another inmate at a time when Defendant was the only guard on duty. Plaintiff alleges that Defendant watched the beating and did not stop it.

On July 20, 2011, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 31) Defendant moves to dismiss the Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").

Plaintiff did not file a response to Defendant's motion. On July 26, 2011, Plaintiff filed a Motion to Appoint Counsel. (D.I. 33)

On February 22, 2012, Plaintiff filed a letter/request for counsel and letter/motion for injunctive relief, alleging threats made by Defendant C/O Lewis ("Lewis"). (D.I. 38)[2] The Court

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Dickson's motion is similar to one he filed in June 2011, which was denied by the Court on July 18, 2011. (*See* D.I. 25, 30)

1

ordered Lewis to respond to the Order. Lewis asks the Court to deny the motion for injunctive relief and the request for counsel.

## III. INJUNCTIVE RELIEF

### A. Legal Standards

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### B. Discussion

Dickson states that Lewis has threatened his life if he does not dismiss this case. Grievances submitted by Dickson from January 2011 to February 2012 make no mention of threats by Lewis. In addition, counsel for Lewis requested that the legal services administrator Mike Little ("Little") investigate Dickson's allegations, and Little was unable to substantiate them.

Taunts and threats are not an Eighth Amendment violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *accord Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. Oct. 9, 2009) (not published) (stating verbal abuse of prisoner, even of lewd variety, is not actionable

under 42 U.S.C. § 1983); *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J. 1993) (stating verbal harassment does not violate inmate's constitutional rights).

Given the exhibits submitted, the Court finds that Dickson has not demonstrated a likelihood of success on the merits. Nor is there evidence that, at the present time, Dickson is in danger of suffering irreparable harm. Therefore, the Court will deny the motion.

## IV. MOTION TO DISMISS

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

B. **Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action. *See Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion; that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Defendant relies upon the allegations in the Complaint to support his position that Plaintiff failed to exhaust his administrative remedies. Paragraph II. B. of the § 1983 form Complaint contains the question, "Have you fully exhausted your available administrative remedies regarding each of your present claims?" (D.I. 2) Plaintiff checkmarked the "No" box and, in doing so, acknowledged that did not exhaust his administrative remedies.[3] Plaintiff's failure to exhaust his administrative remedies is fatal to his claim. Therefore, the Court will grant Defendant's Motion to Dismiss for Plaintiff's failure to exhaust administrative remedies.[4]

## V. CONCLUSION

For the above reasons, the Court will deny Plaintiff's requests for a preliminary injunction and appointment of counsel and will grant Defendant's motion to dismiss. An appropriate Order follows.

---

[3] Plaintiff did not file an opposition to the Motion to Dismiss and, therefore, provided no explanation for his failure to exhaust his administrative remedies.

[4] Plaintiff's two requests for appointment of counsel are, therefore, rendered moot.